# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | CR. NO. 11-mj-173-N |
| JEFFREY LAY SMITH, JR., | : | Charging District's |
| CHARLES BAKER, JR., and | | Case No.  A-11-307 LY |
| WILLIAM MATHEW HARBISON | : | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the above-named defendants pending trial.

### Part I - Findings of Fact

**A.     Nature and Circumstances of the Offenses Charged.**

1.     There is probable cause to believe that the defendants have committed the following crimes:  Conspiracy to possess with intent to distribute more that 500 grams of methamphetamine and over 5 kilograms of cocaine (all three defendants), possession with intent to distribute over 5 kilograms of cocaine (all three defendants), possession with intent to distribute over 500 grams of cocaine (Baker and Harbison), and conspiracy to launder money obtained from the distribution of cocaine and/or methamphetamine (all three defendants).  See Doc. 1, Counts One, Sixteen, Eighteen, Nineteen and Twenty-one.  These charges constitute serious drug-related felony offenses.

2. The defendants have not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure their appearance as required and the safety of the community.  18

U.S.C. §3142(e).

3. In the alternative, if it is determine that any one of the three defendants has rebutted the presumption of detention based on their production of information contained in the Pretrial Services Report and that presented during the detention hearing, it is determined that when the rebutted presumption is considered along with the factors weighing in favor of detention, those factors favoring release are outweighed.

**B.      The Weight of the Evidence.**

4.      This factor was not a focus of the presentation made by the United States or any of the defendants.   Therefore, the only evidence going to weight are the findings of the Grand Jury in the Western District of Texas. Accordingly, the weight of the evidence at this stage of the proceeding establishes the rebuttable presumption and weighs in favor of detention.

**C.      History and Characteristics.**

5.      **William Mathew Harbison**.   Mr. Harbison is the 22-year-old father of a 2-year-old that resides with the mother.   The parents are not married and Mr. Harbison is ordered to pay child support in the amount of $300 per month.   He has not been able to make all payments as due because of periods of incarceration.   It is also noted that $300 per month is approximately 50% of his current income over the past two months.   His work history prior to that is very vague.   Even when the Probation Officer tried to verify statements made by the defendant's attorney during the hearing that Mr. Harbison had worked for "Sherman Williams Flooring", none of the people talked with could identify the specific work site.   Mr. Harbison's father stated that he believed his son worked for a contractor of the store but could only produce a first name.   The defendant did not provide that information during his interview or during the hearing.

While Mr. Harbison is a life-long resident of Baldwin County, Alabama, he has been out of school since the 9th grade without any significant work history.   He reports, however, that he has recently obtained

a certification to operate heavy equipment.   It is difficult to understand, however, his ability to operate heavy equipment when his license to drive has been revoked.   Accordingly, his education and work history factors weigh in favor of detention.

Mr. Harbison reports a very serious problem with substance abuse. He reported daily use of methamphetamine and marijuana.   He also has abused Lortab and Xanax.   Although he was accepted into an inpatient drug rehabilitation program, he voluntarily left without completing the program.

In four short years, since his 18th birthday, his criminal history contains convictions for DUI, fleeing, refusal to submit to arrest, endangering the welfare of a minor, 2nd degree, and possession of marijuana, 2nd degree.   He currently is awaiting a Grand Jury decision on charges of assault, 2nd degree and domestic violence, 3rd degree.

The Court disagrees with counsel's representation that reasonable conditions of release are available that will reasonably assure his appearance in the Western District of Texas and community safety.   Given the serious nature of the present charges, his poor education and work history, his substance abuse problems and a clear history of recidivist behavior, it is necessary that he be detained pretrial.

6.	**Charles Darnell Baker, Jr**.	Mr. Baker is 23 years old and is single.   Both his parents are serving prison sentences on undisclosed charges.   At the time of his arrest, he resided with his aunt in Baldwin County, Alabama, not with either his brother or sister who also live in Baldwin County.   His educational history and work history could not be verified by Probation and no evidence was presented by the defendant to veryify a work history or that he graduated from B.T. Washington High School in Tuskegee, Alabama in 2006.

Mr. Baker clearly attempted to mislead the Probation Officer during his interview.   He reported that he had lived with his aunt for the past six months and that he paid her $250 per month in rent.   When she was interviewed, her responses were that has not resided with her for six months

3

but only sleeps over occasionally. In addition, he does not pay her rent.

Mr. Baker reports that he has been using marijuana approximately three times per month since the age of seventeen, his last use being approximately two weeks before his interview with Probation.

Mr. Baker's criminal history began at age 19. He was granted youthful offender status on convictions of unlawful possession of a controlled substance and resisting arrest. Even though granted youthful offender status, his probation was revoked and he was required to serve three years in prison. His other conviction is for obstructing government operations. He currently faces a bench trial in Baldwin County on charges of possession of marijuana, 2nd degree and resisting arrest.

Mr. Baker does not have a driver's license and has not suggested any educational or work possibilities if he were released. His residence, if released, is unclear.

These characteristics clearly weigh in favor of detention. There is probable cause to believe that this young man has entered into a new and dangerous phase of criminal behavior and his history does not support a conclusion that he could be trusted to comply with reasonable release conditions.

7.  **Jeffrey Lay Smith, Jr**. Mr. Smith is 24 years old and is engaged to the codefendant, Jessica Frith. He is a life-long resident of Baldwin County, Alabama but does not seem to have a permanent residence. He has resided with codefendants Jessica Frith and Jennifer Rew since April, 2011. He lived with his mother and sister in Magnolia Springs from January 2011 until April, 2011. Until his 18th birthday he lived with his family in Bon Secour, Alabama and reports that between 2005 and 2010, he resided in Foley, Seminole, Magnolia Springs and Summerdale, Alabama.

The facts contained in the pretrial report were verified by the defendant's mother, who also testified on his behalf during the detention hearing. In addition to her obvious bias as a concerned mother, upon further

4

questioning it was determined that her present husband and daughter are both convicted felons (drug charges) and both are attempting to complete probated sentences. He husband has been revoked and is currently away from the home serving a period of detention. Under these circumstances, this home would not be an appropriate residence for the defendant.

Mr. Smith's present job as a deckhand on a shrimping vessel has been verified but he has only been working on this vessel since June, 2011. It appears that working as a deckhand is his chosen occupation – his choices are limited base on the fact that he left school after his 8th grade year. His mother does operate a lawn care service and would be able to offer him a job if he were released.

Mr. Smith reports income since June of approximately $400 per month. Inexplicably, however, he reported that he and Jessica Frith are in the last stage of purchasing a trailer and that his monthly expenses exceed $800.

The Defendant reports that he has been diagnosed with an anxiety disorder and prescribed celexa, usually prescribed for the treatment of depression, and clonopin, used to prevent panic attacks. It does not appear that he has taken either prescribed medicine since June, 2011. In addition to his anxiety disorder, he has been illegally taking controlled substances since the age of 12. The list included marijuana, Ecstasy, cocaine, methamphetamine, and alcohol. He was ordered to attend a DUI and substance abuse program but has not completed that program.

Mr. Smith's criminal history started at age 12 when he was convicted of public intoxication. Over the next 12 years, he has been convicted of complicity, possession of brass knuckles, burglary, 3rd degree (felony), DUI, driving while suspended and driving while revoked. Current warrants for his failure to appear have been served on charges that he has been driving while his license is revoked. Bonds have been set in those cases but have not been posted.

Mr. Smith's history and characteristics weigh in favor of detention

and do not provide a basis to rebut the presumption that he should be detained. His mother's testimony that the court could rely on her ability to serve as a third party custodian does not change this conclusion. It is clear that the possession of drugs and the use of drugs have been prevalent in her household. Her current husband has been convicted on drug charges as has her daughter.

> **D.     Nature and Seriousness of the Danger to Any Person or the Community if Released.**

8. The evidence establishes that there is probable cause to believe that the defendants have violated serious drug-related felonies and face potential sentences of ten years or more in a jurisdiction away from their home and family. They are young people that are poorly educated, underemployed, immersed into a culture of drug use and the commission of offenses, and have a very poor history of compliance with release conditions. Under these circumstances, it is necessary to detain all three pending trial and order that they be transported to the Western District of Texas by the United States Marshal.

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted during the detention hearing establishes by clear and convincing evidence that there are no conditions of release that will reasonably assure the appearance of these defendants for trial and the safety of the community should they be released. The reasons supporting this decision are as follows:

1. 18 U.S.C. § 3142(e)(3) provides that "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed-- (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) … .

6

As discussed above, these defendants have not presented sufficient information to rebut this presumption. They are young people with no significant work-related or education-related ties to the community. While they do have family in the area, there is no indication that those ties are so strong that they would reasonably prevent the defendants from attempting to flee the Texas jurisdiction. On the other hand, the picture painted by their history and characteristics is that of young school dropouts who have very little significant work histories but documented serious problems relating to their use of illegal substances and the violation of criminal statutes. Detention is therefore required under this section of the Bail Reform Act.

2. Even if the argument is valid that one or more of these three defendants have met their burden of producing verified information that would rebut the presumption of detention, release is not a viable option. When the other factors of nature of the crime, weight of the evidence and personal characteristics such as education, physical condition, time and ties to the community, drug use and past criminal conduct are considered along with the rebutted presumption of detention, the answer becomes clear that there are no available release conditions, even if required in combination, that would reasonably assure their presence in the Western District of Texas and community safety. It is necessary that they be detained until these charges are resolved to their benefit, if that should occur.

### Part III - Directions Regarding Detention

The defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendants shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendants to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 1st day of August, 2011.

   s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE